**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| PERRY L. FLOWERS, | : |
| | : |
| Claimant, | : |
| | : |
| v. | : CASE NO. 3:10-CV-4- CDL-MSH |
| | : Social Security Appeal |
| MICHAEL ASTRUE, | : |
| Commissioner of Social Security, | : |
| | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act

is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.** Whether the ALJ improperly evaluated the opinions of the treating and examining physicians and failed to articulate specific reasons for discrediting those opinions.

**II.** Whether the ALJ erred in improperly rejecting the claimant's subjective complaints of pain.

**III.** Whether the ALJ erred in failing to follow directives from the Appeals Council on remand.

**IV.** Whether the Appeals Council erred in failing to remand the case where the ALJ erred in failing to give proper weight to treating physicians, and new and material evidence from the treating rheumatologist further demonstrated the claimant's disability.

## Administrative Proceedings

Claimant protectively filed for disability benefits and Supplemental Security Income benefits on September 19, 2002. (Tr. 159, ECF No. 8.) Claimant alleged a disability onset date of May 15, 2001, due to lupus, rheumatoid arthritis and thyroid disease. (*Id.*) Her applications were denied initially and upon reconsideration. (Tr. 60-63, 66-69.) Claimant timely filed a request for a hearing, and on September 12, 2005, a hearing was held. (Tr. 601-620.) On February 13, 2006, the ALJ entered a partially favorable ruling (Tr. 42-52), but the Appeals Council subsequently remanded the Claimant's case to the ALJ. (Tr. 104-107.)

On remand, a second hearing was held on January 27, 2009. (Tr. 621-662.) Thereafter on March 26, 2009, the ALJ denied Claimant's applications, finding that she was not disabled. (Tr. 20-29.) On September 24, 2009, the Appeals Council denied Claimant's request for review. (Tr. 12-14.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since May 15, 2001. (Tr. 25.) The ALJ also concluded that Claimant had the severe impairments of lupus, rheumatoid arthritis and degenerative disc disease of the cervical spine, but that these impairments—or any combination of her impairments—did not meet or medically equal one

of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.) The ALJ next found that Claimant had the residual functional capacity ("RFC") to perform a range of light work. (Tr. 27.) The ALJ then determined that Claimant could perform her past relevant work as a motel desk clerk, cashier/stock checker, waitress and mobile home sales person. (Tr. 28.) Considering the Claimant's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Claimant could perform. (*Id*.) Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 29.)

## DISCUSSION

**I.     Whether the ALJ improperly evaluated the opinions of the treating and examining physicians and failed to articulate specific reasons for discrediting those opinions.**

Claimant first argues that the ALJ committed reversible error by rejecting the opinions of her treating physicians, Dr. Raber and Dr. Elliott, as well as consultative examiner Dr. Lubin. (Pl.'s Memo. of Law 6, ECF No. 10.) The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's

5

impairments meet or equal any relevant listing. 20 C.F.R. §§ 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(e); *see* SSR 96-5p.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. Even if a medical opinion is not entitled to controlling weight, however, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776

F.2d 960, 961-62 (11th Cir. 1985) (per curiam). The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d).

In support of her contention, Claimant cites *MacGregor v. Bowen*, which held that an ALJ must "clearly articulate the reasons for giving less weight to the opinion of a treating physician" to argue that the ALJ's failure to do so requires remand. *See MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986). In *MacGregor,* following a remand of the case to the ALJ, the Appeals Council rejected the consulting psychologist's testimony as internally inconsistent and at odds with other evidence in the record. *MacGregor*, 786 F.2d at 1053. The Appeals Council found the psychologist's determination that the claimant was "intelligent enough to understand and follow orders and to solve problems," to be inconsistent with his diagnosis of depression. *Id*. The Eleventh Circuit Court of Appeals found no inconsistency and determined that the rejection of the medical opinion evidence was not supported by substantial evidence. *Id.* at 1053-4.

Here, in contrast to *MacGregor,* the ALJ articulated his reasons for giving less weight to the opinions of Claimant's treating physicians, Dr. Raber and Dr. Elliott, as well as consultative examiner Dr. Lubin, and the ALJ's reasons constitute good cause. The ALJ based the decision on the evidence of record, including the testimony of the medical expert,

7

Dr. Caldwell, as well as the treatment notes of Drs. Raber and Elliott and the opinion of consultative examiner Dr. Lubin which were inconsistent with their opinions of her ability to perform work-related activities. (Tr. 25-28). The ALJ further found that the symptoms and limitations as subjectively alleged by the Claimant were credible only to the extent that she could perform work as prescribed by his RFC finding. *Id.*

Specifically, as to Dr. Elliott's opinion, it is noted that after Claimant was seen by the rheumatologist in 2002 and 2003, she did not seek any further treatment from her until 2008. Furthermore, although Dr. Elliott did diagnose Claimant with lupus, RA, and Sjogren's syndrome, her treatment plan mainly involved exercise and physical therapy, and for Claimant to avoid heavy lifting, twisting, bending or prolonged sitting. (Tr. 414, 495.) Regarding Dr. Raber's opinions of the severity of Claimant's limitations or his opinion that Claimant was unable to work, it is clear that his treatment notes do not support his findings. As the Commissioner noted, although they contain some complaints of pain, fatigue, stiffness and lesions, the treatment notes mainly consist of check-marked items, medical refill requests, and extraneous information. (Tr. 351-89.)

It is important to note here that mere diagnoses of impairments are not, in themselves, determinative of disability. Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself. *See* 42 U.S.C. § 423(d)(1)(A). As to Dr. Lubin's opinion following his consultative examination of Claimant, which the ALJ also discounted, it is found that the examiner's objective findings do not reflect the level of severity that Claimant alleges.

8

Upon review of the entire record, the ALJ appears to have committed no error in weighing or discounting the opinions of the various medical sources, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

II. **Whether the ALJ erred in improperly rejecting the claimant's subjective complaints of pain.**

Claimant next argues that the ALJ erred by discrediting her, as well as her witness', testimony regarding her alleged pain, fatigue and other limitations. (Pl.'s Memo. 18.) 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, as explained above, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other

9

> persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id*.

Here, the ALJ's findings reveal that he reviewed the medical evidence of record, as well as the testimony of Claimant and her friend, ultimately concluding that the Claimant and her friend were credible only to the extent consistent with his residual functional capacity assessment that she could perform a range of light work. (Tr. 28.) Applying the *Holt* test to this Claimant's pain allegations, it is found that Claimant failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain

or that her medical condition was so severe as to reflect the alleged pain.

Therefore, although the Claimant argues that the ALJ erred in discounting her pain allegations, this court finds no error in the decision. The ALJ applied the appropriate legal standards as to the Claimant's allegations of pain and resulting RFC, and the decision is supported by substantial evidence.

### III. Whether the ALJ erred in failing to follow directives from the Appeals Council on remand.

Claimant next argues that the ALJ failed to follow the directives of the remand order from the Appeals council. (Pl.'s Memo. 24.) Specifically, Claimant contends that the ALJ committed reversible error by failing to "give further consideration to the treating source opinions" and "explain the weight given to such opinion evidence" as well as to "give further consideration to the Claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." (Tr. 106.)

The Regulations state that "the administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). In this case, the record on remand reveals that the ALJ did, in fact, give further consideration to the treating physician's opinions and to the Claimant's maximum residual functional capacity as is demonstrated in his findings. (Tr. 25-28.) The ALJ procured the testimony of a medical expert, as noted above, and explained his reasoning for discounting the various medical

11

opinions as well as his analysis in determining Claimant's RFC. (*Id.*) Furthermore, following the ALJ's decision, the Appeals Council again considered Claimant's case and ultimately denied further review. (Tr. 7-9.) It is logically inferred, therefore, that the Appeals Council determined the ALJ had indeed followed its directive. As such, no error is found.

**IV. Whether the Appeals Council erred in failing to remand the case where the ALJ erred in failing to give proper weight to treating physicians, and new and material evidence from the treating rheumatologist further demonstrated the claimant's disability.**

Claimant lastly argues that the Appeals Council committed reversible error by failing to remand her case following the submission of new and material medical evidence. (Pl.'s Memo. 26.) The record reveals that following its initial denial of review of the ALJ's findings following remand, the Appeals Council set aside its decision and considered the medical evidence submitted by Claimant. (Tr. 7.)

The Regulations state that the Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id*. In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a

reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). *Id*.

Here, the Appeals Council accepted new evidence in the form of treatment notes which were completed by Claimant's rheumatologist, Dr. Elliott, and another physician, Dr. Jonathan Hall, dated April 8, 2009, and June 11, 2009, respectively. (Tr. 468-70, 515-17.) As stated above, the relevant period is before the hearing decision, in this case, January 27, 2009. A review of the evidence, however, establishes no worsening of her impairments and a continuing inconsistency between Claimant's subjective complaints and objective medical evaluations. Given that the burden of proving disability is on the Claimant, as is noted in *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005), the Appeals Council did not err in its decision to deny review of Claimant's case based on its consideration of the new evidence.

## CONCLUSION

It is found that the decision of the ALJ and his consideration, as indicated above, of the entire record in his determination of the credibility of the Claimant compels the conclusion here that the finding by the ALJ that Claimant is not disabled as defined by the Act is based on substantial evidence as defined in *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005), and the Commissioner's decision to deny the Claimant the disability benefits she seeks is the result of the proper application of the appropriate standard of law called for by

Congress in the Act.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 3rd day of January, 2011.

**S/ STEPHEN HYLES**
**UNITED STATES MAGISTRATE JUDGE**