IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PERRY FLOWERS,                          :
                                        :
            Claimant                    :
                                        :
v.                                      :        CASE NO. 3:10-CV-4-CDL-MSH
                                        :              Social Security Appeal
MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,        :
                                        :
            Respondent.                 :
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Claimant's counsel's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. (ECF Nos. 29, 30.) Counsel filed his motion for fees on January 6, 2012, requesting $10,731.28 for 56 attorney work hours at a rate of $175.38 per hour. (Br. in Supp. of Mot. for Att'y's Fees 9.) The Commissioner objects to the award of attorneys fees in this case, as well as the number of attorney hours requested and the total amount of fees requested. (Comm'r's Resp. 7-10, ECF No. 31.) The Commissioner further requests that if attorneys fees are awarded, that they be paid directly to Claimant. (*Id.*) For the reasons discussed hereinbelow, the Court recommends that Claimant's Motion for Attorneys Fees be DENIED.

## DISCUSSION

### I.    Attorneys Fees Pursuant to the EAJA

Claimant requests attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA is not limited to Social Security actions, but

1

allows civil litigants to recover attorneys fees which are incurred in a case against the United States when the government's position is not substantially justified. *See Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989) (discussing purpose of EAJA). Specifically, the EAJA states in subsection (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, from the plain language of the statute, a party is entitled to an award of attorneys' fees and expenses in a civil action against the United States if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified. *Id.*; *see also, e.g., Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010) ("Subsection (d)(1)(A) directs that courts shall award to a prevailing party . . . fees and other expenses . . . incurred by that party.") (internal quotation marks, citation, and emphasis omitted).

Here, the Commissioner concedes that Claimant is the "prevailing party," that the Claimant has incurred fees, but argues that the Commissioner's position was substantially justified. (Comm'r's Resp. 2.) The United States Supreme Court has held that the government's position is substantially justified when there is a reasonable basis for it both in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Specifically, the Court found that "a position can be justified even though it is not correct, and it can

2

be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact." *Id.* at 552 n.2.  The Eleventh Circuit has further held that "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified.  Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing." *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted).

In this case, Claimant argued that the Commissioner's decision was in error where the ALJ improperly evaluated the opinions of her medical providers, improperly assessed her credibility, and failed to follow the directives of the Appeals Council.  (Cl.'s Br. 1, ECF No. 10.)  Claimant also argued that the Appeals Council erred in failing to discuss its reasons for denying Claimant's request for review of his case based on new evidence which supported his claims of disability.  (*Id.*)  This Court found that substantial evidence supported the Commissioner's decision and found that each of Claimant's issues were without merit.  (Order, ECF No. 16.)  On appeal, the Eleventh Circuit affirmed the Commissioner's decision as to the issues regarding the evaluation of the medical providers and the assessment of Claimant's credibility.  (ECF No. 25.)  The Eleventh Circuit remanded the case only on the Appeals Council issue - i.e., that the Appeals Council failed to show in its written denial of review that it adequately evaluated Claimant's newly submitted evidence.  (*Id.*)  In affirming the position taken by the Commissioner on three of the four issues asserted on appeal, the Commissioner was found by the Eleventh Circuit to be correct both in law and in fact.  As to the remaining

issue, the position taken by the Commissioner was based on a reasonable argument that was supported by the facts established on the record and with a substantial and legitimate rationale to support it.

As to that issue, the Commissioner specifically argues that the Regulations, at 20 C.F.R. § 416.1470, do not require the Appeals Council to articulate its reasons for denying review of an ALJ's findings.  (Comm'r's Resp.to Mot. for Attys Fees 5, ECF No. 31.)  The Commissioner further argues that the Eleventh Circuit has previously held in several cases[1] that the Appeals Council was not required to explain its denial of a claimant's request for review of an ALJ's findings.  (*Id.*)  Lastly, the Commissioner contends that the Eleventh Circuit's reliance on one of its previous cases, *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), was not analogous to the current case and predated the Commissioner's suspension of the requirement that the Appeals Council discuss its reasons for denying review.  *Id.*; *see also* HALLEX section I-3-5-90, 2001 WL 34096367; *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005) (acknowledging that the Commissioner suspended the requirement of a detailed discussion of additional evidence).  Thus, although they ultimately did not prevail on this issue, it is clear that the Commissioner's position as to this claim was reasonable.

In *Myers v. Sullivan,* the Eleventh Circuit held that:

---

[1] *Burgin v. Comm'r of Soc. Sec.*, No. 10-13394, 2011 WL 1170733 at *2 (11th Cir. Mar. 30, 2011) ("[T]he Appeals Council was not required to explain its denial of review."); *Mansfield v. Astrue,* No. 09-15750, 2010 WL 3401634, at *2 (11th Cir. Aug. 31, 2010); *Robinson v. Astrue*, No. 09-12472, 2010 WL 582617, at *3 (11th Cir. Feb. 19, 2010); *Barclay v. Soc. Sec.*, No. 07-12960, 2008 WL 649184, at * 4 (11th Cir. Mar. 12, 2008).

> If the district court concludes that the government's positions were substantially justified-i.e., all of the government's arguments possessed a "reasonable basis both in law and fact,"- then, notwithstanding the fact that the claimant ultimately prevailed in the litigation, the claimant is not entitled to receive attorney's fees.

*Myers v. Sullivan*, 916 F.2d 659, 667 (11th Cir. 1990) (internal citations omitted). Pursuant to Eleventh Circuit precedent, with regard to the standard as articulated in *Pierce v. Underwood*, cited *supra*, it is found that the Commissioner has met its burden of showing that its position had a reasonable basis in both law and fact. The fact that the Eleventh Circuit ultimately determined that remand was required in this case as to one issue does not alter that finding. Thus, it is the determination of this Court that the Government's position was substantially justified and, as such, Claimant is not entitled to attorneys fees pursuant to the EAJA in this case.

## II.     Proper party to receive EAJA Fees

Also at issue in this case is whether any fees awarded under the EAJA should be paid directly to the Claimant or to the Claimant's attorney. Claimant requests that the fees be paid directly to Claimant's counsel. (Mot. for Att'y's Fees 2.) The Commissioner objects to this request and argues that *Astrue v. Ratliff*, – U.S. – , 130 S. Ct. 2521 (2010), requires the payment of EAJA fees to the Claimant and not the Claimant's attorney. (Comm'r's Resp. 5-7.) The Court agrees with the Commissioner and finds that any awarded fees should be paid directly to the Claimant.

In *Ratliff*, the Supreme Court explained that the EAJA, subsection (d)(1)(A), directs courts to award attorneys fees to the prevailing party and not to the party's attorney. 28 U.S.C. § 2412(d)(1)(A); *Ratliff*, 130 S. Ct. at 2525-26. This was already the

5

law in the Eleventh Circuit under *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008).  In

*Reeves*, the court explained that the EAJA "unambiguously directs the award of

attorney's fees to the party who incurred those fees and not to the party's attorney." *Id.* at

735.  Consequently, were any EAJA fees awarded in this case, pursuant to *Ratliff* and

*Reeves*, that award must go to the prevailing party, here, the Claimant.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that

Claimant's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the

Recommendation with the United States District Judge within fourteen (14) days after

being served a copy.

SO RECOMMENDED, this the 12th day of September, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE